**SO ORDERED,**



**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| In re: | ) | |
|---|---|---|
| | ) | |
| ELIZABETH S. CLEMONS, | ) | Case No.: 21-10668-JDW |
| | ) | |
| Debtor. | ) | Chapter 7 |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *Objection to Claim of Exemptions* filed by the chapter 7 Trustee[1] and the *Debtor's Response to Objection to Claim of Exemptions*.[2] A hearing was held on August 24, 2021, where the trustee, the debtor and her counsel appeared, and the debtor testified. The question is whether funds in the debtor's non-exempt bank account that originated from her ex-husband's retirement account are exempt under Miss. Code Ann. § 85-3-1(e).

---

[1] (Dkt. # 25)
[2] (Dkt. # 28)

The Court has considered the evidence, pleadings, and relevant law and finds and concludes that the trustee's objection is due to be sustained. The funds in the bank account are non-exempt property of the bankruptcy estate that must be turned over to the trustee for distribution to creditors.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A), (E), and (O).

## II. FINDINGS OF FACT[3]

The debtor filed her bankruptcy petition on April 4, 2021.[4] Her original Schedule A/B listed three checking accounts with BNA bank, with balances of $199.00, $100.00, and $0.00. *Id.* She later amended her Schedule A/B to list one of the checking accounts with a balance of $5,468.10.[5] At the same time, she amended her Schedule C to claim those funds as exempt. She relied on Miss. Code Ann. § 85-3-1(e), which is Mississippi's exemption statute

---

[3] To the extent any of the findings of fact are considered conclusions of law, they are adopted as such, and vice versa.
[4] (Dkt. # 1)
[5] (Dkt. # 19)

governing retirement accounts.[6] The Trustee objected to the claimed exemption.[7]

At the hearing, the debtor testified that she and her ex-husband were divorced in 1998. No divorce decree was admitted into evidence, but she credibly testified that as part of the divorce, her ex-husband pays her half of his military retirement. She admitted she does not know if she is a listed beneficiary on his retirement account and no documents related to the retirement account have been submitted into evidence.

The debtor testified that when her ex-husband receives his pension each month in his bank account, he then withdraws half—approximately $1,157.00— and deposits it into her account. It was uncontroverted that no other money is ever deposited into that account. The debtor did not know whether her ex-husband's bank account held funds other than his pension payment.

### III. CONCLUSIONS OF LAW

The debtor filed a chapter 7 bankruptcy case. In chapter 7, whether an asset is property of the estate is determined on the petition date, although certain assets may be claimed as exempt and thereby excluded from property

---

[6] (Dkt. # 19)
[7] (Dkt. # 25)

of the estate.[8] States have the option of using federal exemptions or opting out and using state exemptions.[9]

Mississippi has opted out of the federal exemptions and Mississippi debtors may claim exemptions only under Mississippi state law.[10] Mississippi's retirement exemption, which is modeled after the federal retirement exemption, provides:

> There shall be exempt from seizure under execution or attachment [. . .] Assets held in, or monies payable to the participant or beneficiary from, whether vested or not, (i) a pension, profit-sharing, stock bonus or similar plan or contract established to provide retirement benefits for the participant or beneficiary and qualified under Section 401(a), 403(a), or 403(b) of the Internal Revenue Code (or corresponding provisions of any successor law), including a retirement plan for self-employed individuals qualified under one (1) of such enumerated sections, (ii) an eligible deferred compensation plan described in Section 457(b) of the Internal Revenue Code (or corresponding provisions of any successor law), (iii) an individual retirement account or an individual retirement annuity within the meaning of Section 408 of the Internal Revenue Code (or corresponding provisions of any successor law), including a simplified employee pension plan, or (iv) a Roth individual retirement account within the meaning of Section 408A of the Internal Revenue Code (or corresponding provisions of any successor law).[11]

In pertinent part, Mississippi law provides that debtors may claim an exemption for money payable to a participant or a beneficiary of a qualified

---

[8] 11 U.S.C. §§ 541(a)(1), 522(b)(1).
[9] 11 U.S.C. § 522(b)(2).
[10] Miss. Code Ann. § 85-3-2.
[11] Miss. Code Ann. § 85-3-1(e)

retirement account.[12] This debtor is not a participant, as the retirement funds are payable to her ex-husband for his military service. The debtor has submitted no evidence that she is a named beneficiary of the account. Assuming her ex-husband's pension qualifies under the statute, the exemption is his, not hers. She receives a portion as a cash payment from him as a property settlement or alimony, neither of which are exempt under Mississippi law.

## A. Snapshot Rule

The Court of Appeals for the Fifth Circuit follows the "snapshot rule."[13] The "snapshot rule" provides that all exemptions are determined as of the petition date.[14] The Fifth Circuit has been clear that "whether a particular property or interest in property of a debtor's bankruptcy estate is eligible for exemption is, like so many other questions in bankruptcy, determined strictly 'as of' the date on which the petition in bankruptcy is filed."[15] The Fifth Circuit has been unequivocal:

> We cannot emphasize too strongly that the day on which the bankruptcy petition is filed is the "as of" date for determining the applicability of exemption provisions. Even though, of necessity, the judicial decision-making process on exemption issues takes place subsequent to the filing of the petition, the Court must take

---

[12] *Id.*
[13] *In re Brown*, 807 F.3d 701, 708 (5th Cir. 2015).
[14] *In re Frost*, 744 F.3d 384, 386 (5th Cir. 2014) (citing *In re Zibman*, 268 F.3d 298, 301 (5th Cir. 2001)).
[15] *In re Orso*, 283 F.3d 686, 691 (5th Cir. 2002).

5

a retrospective "snapshot" of the law and the facts as they stood on the day the petition was filed.[16]

Here, the debtor had $5,468.10 of unrestricted funds in a non-exempt bank account on the petition date.

B. <u>Bankruptcy Court decisions</u>

The issue of whether funds received from another person's exempt retirement account retain the exempt status has not been addressed by the Mississippi Supreme Court. Other bankruptcy courts have addressed this specific issue; whether a debtor may exempt funds received from an ex-spouse's retirement account. Although exemption laws may vary from state to state, the reasoning of those courts is instructive.

In *McKeon Law Grp., LLC v. Brainard (In re Brainard)*[17], a divorce decree required the debtor's ex-husband to transfer a portion of his retirement fund to the debtor. After receiving the funds, the debtor deposited $40,000 into her own IRA.[18] While the court held that the debtor had a right to contribute to her own retirement account, her exemption was limited to $6,500, her own allowable contribution in 2013. The claimed retirement exemption was

---

[16] *Id.* at 692.
[17] *McKeon Law Grp., LLC v. Brainard (In re Brainard)*, Nos. 13-22251 (AMN), 13-2046 (AMN), 2018 Bankr. LEXIS 2304 (Bankr. D. Conn. Aug. 3, 2018).
[18] The *Brainard* court also examined whether the retirement funds received entitled the debtor to claim an exemption pursuant to 11 U.S.C. § 522 (d)(10)(D) (alimony, support or maintenance to the extent reasonably necessary for the support of a debtor and any dependent of a debtor). That question is immaterial here, as Mississippi law does not provide an exemption for alimony or property settlements.

disallowed as to the remainder.[19] Here, the debtor has not deposited the funds she received from her ex-husband into her own retirement account. The funds remain in her non-exempt bank account.

In a similar case in Massachusetts, the debtor's ex-husband gave the debtor a $50,000 promissory note in lieu of any claim the debtor had to his pension. The debtor attempted to exempt the promissory note under the Massachusetts retirement exemption statute.[20] The court found that although the note was payable from a portion of the debtor's ex-husband's pension, it did not fall within the plain language of the statute.[21] Likewise, this debtor received funds from her ex-husband due to the dissolution of her marriage. Although the funds she received may have come from his retirement account, the funds in her bank account do not qualify under the Mississippi retirement exemption.

### C. *Clark v. Rameker*

The United States Supreme Court addressed an analogous issue in *Clark v. Rameker,* where it held that funds held in an inherited IRA could not be exempted.[22] In *Clark*, Ruth Heffron established a traditional IRA and named her daughter, Heidi Hefferon-Clark, as the account's sole beneficiary. When

---

[19] The court did allow the debtor to exempt an additional $9,251.18 under Connecticut's wild card exemption statute.
[20] Mass. Ann. Laws ch. 235, § 34A
[21] *Id.*
[22] *Clark v. Rameker*, 573 U.S. 122 (2014).

Ruth died, her daughter inherited the IRA. When Heidi filed for bankruptcy, she listed the inherited IRA as exempt.

The Supreme Court affirmed the Seventh Circuit's reasoning that the exemption allows debtors to protect their own retirement by helping to ensure that debtors will be able to meet their basic needs during their retirement years. "The same cannot be said of an inherited IRA because nothing about the inherited IRA's legal characteristics would prevent (or even discourage) the individual from using the entire balance of the account on a vacation home or sports car immediately after [the] bankruptcy proceedings are complete."[23] To speak of a person's "retirement funds" implies that the funds are currently in an account set aside for that person's retirement, not that the funds were set aside for that purpose at a prior date by a different person.[24]

In a 2019 opinion, the Honorable Selene Maddox relied on *Clark* in disallowing a retirement exemption claim.[25] In *Davidson*, the debtor liquidated his retirement account to use as operating capital for his business because of significant losses resulting from his bookkeeper's embezzlement.[26] That debtor later attempted to claim the criminal restitution he received as exempt retirement funds. Judge Maddox, relying on *Clark*, found that funds

---

[23] *Clark,* 573 U.S. at 129.
[24] *Id.* at 130.
[25] *One Source Forms & Labels, Inc. v. Callahan (In re Davidson)*, 596 B.R. 841, 848 (Bankr. N.D. Miss. 2019).
[26] *Id.* at 844.

8

once held in retirement accounts do not retain that characteristic after being withdrawn.[27]

Here, the funds in the account were not set aside for the debtor's retirement. In fact, she has her own retirement account with $81,606, which she has properly exempted from bankruptcy estate.[28] The funds at issue here were set aside for the retirement of an entirely different person, her ex-husband.

### D. Distinguishing *Clark* with State Exemptions

Some courts have distinguished *Clark* because the state statutes specifically include inherited retirement accounts as exempt. For example, the Texas statute expressly provides that "an inherited individual retirement account. . . . is exempt from attachment, execution, and seizure for the satisfaction of debts."[29] Texas's more expansive exemption allowed the debtor in *In Re Kara* to exempt an inherited IRA account.[30] Similarly, in *In Re Pacheco*, an Arizona bankruptcy court found that the debtor was entitled to exempt a 401(k) account she inherited from her ex-husband.[31] That debtor

---

[27] *Id.* at 848. *See also In re Fernandes,* 605 B.R. 733, 738 (Bankr. N.D. Miss. 2019) (once exempt funds may lose exempt status).
[28] (Dkt. # 19)
[29] *In re Kara*, 573 B.R. 696, 701 (Bankr. W.D. Tex. 2017).
[30] *Id.*
[31] *In re Pacheco,* 537 B.R. 935 (Bankr. D. Ariz. 2015).

claimed an exemption in an inherited retirement account pursuant to the Arizona exemption statute, which provides:

> Any money or other assets payable to a participant in or beneficiary of, or any interest of any participant or beneficiary in, a retirement plan under § 401(a), 403(a), 403(b), 408, 408A or 409 or a deferred compensation plan under § 457 of the United States internal revenue code ["I.R.C."] of 1986, as amended, whether the beneficiary's interest arises by inheritance, designation, appointment or otherwise, is exempt from all claims of creditors of the beneficiary or participant.[32]

Arizona, like Mississippi, is an opt-out state, and debtors may only claim exemptions under state law.[33] The Arizona exemption statute is similar to the Mississippi exemption statute, in that it identifies both beneficiaries and participants as eligible for the exemption. But Arizona goes further, as its statute also provides that a protected beneficiary's interest may arise through inheritance, designation, appointment, or otherwise.

*Kara* and *Pacheco* are distinguishable from *Clark* because those states' statutes expressly grant an exemption in inherited retirement funds. As the Mississippi statute is modeled after the federal statute and does not reference an inherited retirement account, *Clark* is instructive in that absent specific language to the contrary, no exemption is available for funds received from another person's retirement account.[34] One caveat is that a plain reading of

---

[32] Ariz. Rev. Stat. § 33-1126
[33] Ariz. Rev. Stat. § 33-1133
[34] Miss. Code Ann. § 1-3-65; *Clark,* 573 U.S. at 129.

10

the Mississippi statute does reflect that the exemption would apply if the debtor is a beneficiary of the retirement account.[35] Here, no evidence was presented that the debtor is a listed beneficiary.

## IV. CONCLUSION

Without a state statute to the contrary, retirement funds of another person are not exempt as to the transferor. Here, the Mississippi exemption statute does not allow the debtor–transferor to enjoy the exemption unless she can show she is a beneficiary, which she failed to do. The exemption is due to be disallowed.

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the Objection is **SUSTAINED**.

##END OF OPINION##

---

[35] Miss. Code Ann. § 1-3-65